UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| IN RE: WIRE HARNESSES<br>IN RE: OCCUPANT SAFETY SYSTEMS | Case No. 2:14-cv-14451-MOB-MKM<br>Case No. 2:14-cv-00107-MOB-MKM<br>Case No. 2:15-cv-12050-MOB-MKM<br>Case No. 2:15-cv-00607-MOB-MKM |
| THIS DOCUMENT RELATES TO TRUCK AND EQUIPMENT DEALER CASES | |

**FINAL JUDGMENT ENTERING DISMISSAL WITH PREJUDICE
AS TO CERTAIN DEFENDANTS**

This matter has come before the Court to determine whether there is any cause why this Court should not enter final judgment approving the respective classwide settlements between Truck and Equipment Dealer Plaintiffs ("TED Plaintiffs") and Defendants Sumitomo Electric Industries, Ltd., Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc. (incorporating K&S Wiring Systems, Inc.) and Sumitomo Wiring Systems (U.S.A.) Inc. (collectively, "Sumitomo"); Yazaki Corporation and Yazaki North America, Inc. (collectively, "Yazaki"); G.S. Electech, Inc., G.S. Wiring Systems, Inc., and G.S.W. Manufacturing, Inc. (collectively, "G.S. Electech"); DENSO Corporation and DENSO International America, Inc. (collectively, "DENSO"); Defendants Tokai Rika Co., Ltd. and TRAM, Inc., d/b/a Tokai Rika U.S.A. Inc. (collectively, "Tokai Rika"); Defendants LEONI Wiring Systems, Inc. and Leonische Holding Inc. (collectively, "LEONI"); Defendants Furukawa Electric Co., Ltd. and American Furukawa, Inc. (collectively, "Furukawa"); Defendants Autoliv, Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, and

Autoliv Japan Ltd. (collectively, "Autoliv"); and Defendants ZF TRW Automotive Holdings Corp. (formerly known as "TRW Automotive Holdings Corp.") and TRW Deutschland Holding GmbH (collectively, "TRW") (TRW, together with Sumitomo, Yazaki, G.S. Electech, DENSO, Tokai Rika, LEONI, Furukawa, and Autoliv, collectively, the "Settling Defendants") set forth in the respective settlement agreement between TED Plaintiffs and each Settling Defendant (collectively, the "Settlement Agreements") approved by this Court on December 28, 2016. (No. 2:14-cv-14451 [Doc. 127].) The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlements should be approved, and (2) that there is no just reason for delay of the entry of this final judgment approving the Settlement Agreements between TED Plaintiffs and Settling Defendants. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this litigation on the merits as to the TED Plaintiffs and Settling Defendants. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The definitions of terms set forth in the Settlement Agreements are incorporated herein as though fully set forth in this Judgment.

2. Pursuant to Rule 23(g), Class Counsel, previously appointed by the Court, Duane Morris LLP, is appointed as Counsel for the Wire Harness Settlement Class and Occupant Safety Systems Settlement Class (together, the "Settlement Classes"). Duane Morris LLP has, and will, fairly and competently represent the interests of the Settlement Classes.

3. The Court has jurisdiction over the subject matter of this litigation, over the equitable non-monetary relief contained in the Settlement Agreements, over all actions within

this litigation, over the Escrow Accounts identified in Paragraph 13 below, and over the parties to the Settlement Agreements, including all members of the Settlement Classes.

4. Plaintiffs, having filed complaints in the Actions alleging that Settling Defendants conspired to rig bids, allocate markets and fix prices for Wire Harness Systems and/or Occupant Safety Restraint Systems, and Settling Defendants, having denied TED Plaintiffs' allegations and represented they would assert defenses thereto, have entered into the Settlement Agreements to settle the Actions with respect to Wire Harness Systems and/or Occupant Safety Restraint Systems to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment contemplated by the Settlement Agreements, and to put to rest with finality all claims that have been or could have been asserted against Settling Defendants and/or their respective Releasees with respect to Wire Harness Systems and/or Occupant Safety Restraint Systems. Pursuant to the Settlement Agreements, Settling Defendants have agreed: (i) to provide specified monetary compensation to TED Plaintiffs; and (ii) to cooperate with TED Plaintiffs in connection with the continued prosecution of the Actions.[1]

5. The Court finally approved and confirmed the Settlement Agreements and found that said settlements are, in all respects, fair, reasonable, and adequate to the Settlement Classes pursuant to Federal Rule of Civil Procedure ("Rule") 23 on December 28, 2016. (No. 2:14-cv-14451 [Doc. 127].)

6. The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against Settling Defendants, with TED Plaintiffs and Settling

---

[1] DENSO and Sumitomo agreed that they are enjoined for a period of two years from the date of the entry of final order and judgment from engaging in any price-fixing, bid-rigging, or market allocation in violation of Section 1 of the Sherman Act. Yazaki's Settlement Agreement does not include any obligation to cooperate with TED Plaintiffs in the continued prosecution of the Actions.

Defendants to bear their own costs and attorneys' fees except as provided herein.

7. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, in an individual or representative or derivative capacity, against the Settling Defendants and their respective Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settling Defendants' respective Settlement Agreements.

8. The Settling Defendants and their respective Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settling Defendants' respective Settlement Agreements.

9. Neither the Settlement Agreements, nor any act performed or document executed pursuant to the Settlement Agreements, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

10. The notice given to the Settlement Classes of the settlements set forth in the Settlement Agreements and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Classes who could be identified through reasonable efforts. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlements set forth in the Settlement Agreements, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

11. Without affecting the finality of this Final Judgment, the Court retains

exclusive jurisdiction over: (a) the enforcement of this Final Judgment; (b) the enforcement of the Settlement Agreements; (c) any application for distribution of funds, attorneys' fees or reimbursement of costs and expenses made by TED Plaintiffs' Counsel; (d) any application for incentive awards for the Truck and Equipment Dealer Plaintiffs; and (e) the distribution of the settlement proceeds to the members of the Settlement Classes.

12.   In the event that the settlements do not become effective in accordance with the terms of the Settlement Agreements, then the judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions ex ante.

13.   The Escrow Accounts, into which Settling Defendants have deposited assets as the Settlement Amounts (as defined in the Settlement Agreements), plus accrued interest thereon and net any expenses incurred as contemplated in the Settlement Agreements, are approved as Qualified Settlement Funds pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

14.   The Court finds, pursuant to Rule 54(a) and (b), that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Settlement Agreements.

15.   The Court's certification of the Settlement Classes as defined in the Settling Defendants' respective Settlement Agreements, pursuant to Rule 23 and as provided herein, is without prejudice to, or waiver of, the rights of any Defendant, including Settling Defendants, to contest certification of any other class proposed in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.   The Court's findings in this Final

Judgment shall have no effect on the Court's ruling on any motion to certify any class in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. No party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any class.

16.

Date:  February 3, 2017 
                                           s/Marianne O. Battani
                                           MARIANNE O. BATTANI
                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 3, 2017.

                                             s/ Kay Doaks
                                             Case Manager